AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | FILED |
|---|---|
| | Aug 29 2025 |
| | Mark B. Busby |
| | CLERK, U.S. DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |
| | SAN FRANCISCO |

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Jose Alberto PANAMENO-Cisneros, | ) |
| a/k/a | ) |
| Jose Cisneros, Jose Alberto Cisneros, Jose | ) |
| Hernandez, Jose Panameno, Jose Cisneros-Reyes | ) |
| | ) |

Case No. 3:25-mj-71082 MAG

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 21, 2025 _____ in the county of _____ Mendocino _____ in the
_____ Northern _____ District of _____ California _____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) & (b)(1) | Reentry of Removed Alien |
| | Maximum penalties: |
| | - Imprisonment: 10 years |
| | - Fine: $250,000 |
| | - Supervised release: not more than 3 years |
| | - Special assessment: $100 |
| | - Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of FBI SA Sherman Bernard Pruitt II

☑ Continued on the attached sheet.

/s/ Sherman Bernard Pruitt II

*Complainant's signature*

Approved as to form _____ AMS _____
AUSA Andew M. Scoble _____

Sherman Bernard Pruitt II, Special Agent, FBI

*Printed name and title*

Sworn to before me by telephone.

Date: _____ 08/29/2025 _____

*Sallie Kim*

*Judge's signature*

City and state: _____ San Francisco, California _____

Hon. Sallie Kim, U.S. Magistrate Judge

*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN**</u>
<u>**ARREST WARRANT AND CRIMINAL COMPLAINT**</u>

I, Sherman Bernard Pruitt II, a Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

<u>**INTRODUCTION**</u>

1.   I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Jose Alberto Panameno-Cisneros** ("**PANAMENO**") with a violation of 8 United States Code ("U.S.C.") §§ 1326(a) and (b)(1) – Illegal Reentry Following Removal by a Felon.

2.   There is probable cause to believe that on or about May 21, 2025, in the Northern District of California, **PANAMENO**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on or about February 04, 2015, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission, after having committed a felony within the meaning of 8 U.S.C. §§ 1326(a) & (b)(1).

<u>**AFFIANT BACKGROUND**</u>

3.   I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since September 25, 2022.  I have had intensive training in law enforcement investigation techniques for approximately sixteen weeks while assigned to the FBI New Agent Training Course at the FBI Academy in Quantico, Virginia.

4.   Since I graduated from the FBI Academy in February 2023, my duties and responsibilities included conducting national security matters along with various criminal federal offenses.  I also have some experience in joint operations with Department of Homeland Security ("DHS") organizations such as Immigration and Customs Enforcement ("ICE")—to include Enforcement Removal Operations ("ERO")—and Homeland Security Investigations ("HSI") through the FBI Title 8 Immigration authority.  Currently, I am assigned to the FBI Title 8 Criminal Squad in San Francisco, CA, where my responsibilities include investigating federal

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    1                    NDCA-OTBA Affidavit v.1.1

immigration violations, narcotics violations, human trafficking violations, and fugitive operations.

5.   I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States, and to assist ICE partners when necessary.  I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have probable cause to believe the individual arrested has committed a felony against the United States.  I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation.

## SOURCES OF INFORMATION

6.   The statements in this affidavit come from my personal observations, my training and experience, information from FBI/DHS records and databases, information obtained from police records in response to my requests, and information from conversations with ICE ERO Supervisory Deportation Officer Jeffery Castro ("ERO DO Castro"), as well as excerpts from the defendant's A-File which were forwarded to me by ERO DO Castro.  Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

7.   I have received from ICE relevant portions of **PANAMENO**'s immigration file (his "A-File") that pertain to **PANAMENO**'s removals and to certain portions of **PANAMENO**'s criminal history, which I have reviewed.

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    2                    NDCA-OTBA Affidavit v.1.1

8.   Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case.  Rather, I have set forth only the facts that I believe are necessary to support probable cause for issuance of the requested criminal complaint and arrest warrant.  My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

9.    Under 8 U.S.C. § 1326(a), it is unlawful for **PANAMENO** to be in the United States after having been previously excluded, deported, and/or removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

10.   The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C. § 1326(a) are:

(1)  the defendant was removed from the United States;

(2)  thereafter, the defendant voluntarily entered the United States;

(3)  after entering the United States the defendant knew that he was in the United States and knowingly remained;

(4)  the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

(5)  the defendant was an alien at the time of the defendant's entry into the United States;

(6)  the defendant was free from official restraint at the time he entered the United States.

11.   The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

12.   A defendant who violates 8 U.S.C. § 1326(a) shall be fined under Title 18, or imprisoned not more than 2 years, or both.

13.   Additionally, under 8 U.S.C. § 1326(b)(1), a defendant who violates 8 U.S.C. § 1326(a) and whose removal from the United States was subsequent to a conviction for

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                     3                     NDCA-OTBA Affidavit v.1.1

commission of three or more misdemeanors involving drugs, crimes against the person, or both, or any felony (other than an aggravated felony), shall be fined under Title 18, imprisoned not more than 10 years, or both.  A felony is defined as a crime punishable by a term of imprisonment greater than one year.

14.    Finally, under 8 U.S.C. § 1326(b)(2), a defendant who violates 8 U.S.C. § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of an aggravated felony shall be fined under Title 18, imprisoned not more than 20 years, or both.  An aggravated felony is defined at 8 U.S.C. § 1101(a)(43).

## FACTS SUPPORTING PROBABLE CAUSE

15.    Based on the facts set forth below, I believe that there is probable cause to believe that on or about May 21, 2025, in the Northern District of California, **PANAMENO**, an alien, was found in the United States after having previously been excluded, deported, and/or removed from the United States (with at least one felony conviction) on or about February 04, 2015, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

16.    As noted above, I have reviewed pertinent portions of **PANAMENO**'s A-File.  The following allegations are based on the immigration records I have reviewed, to include the police records requests.

### PANAMENO Is not a United States Citizen and Was Removed from the United States

17.    **PANAMENO** is a citizen of El Salvador and not a citizen of the United States.

18.    On or about January 09, 2010, **PANAMENO** was arrested by US Border Patrol east of Batesville, Texas and charged with a violation of 8 U.S.C. § 1326.  **PANAMENO** admitted to having illegally entered the United States on January 6, 2010.

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                4                NDCA-OTBA Affidavit v.1.1

19. On or about April 11, 2011, **PANAMENO** was convicted (following a guilty plea on April 02, 2011) of a violation of § 1326(a) by United States District Court Judge Alia Moses, Western District of Texas, and committed to the United States Bureau of Prisons to serve a 65-month prison term. *United States v. Jose Alberto Panameno-Cisneros,* Case No. DR-10-CR-133(1)-AM (W.D. Tex.).

20. On January 08, 2015, Immigration Judge Irene C. Feldman in Eloy, Arizona issued an order of removal for **PANAMENO**.

21. On January 26, 2015, **PANAMENO** fixed his finger/thumb print to DHS Form I-294, which included the following statement:

> In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States: . . . At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

22. On February 04, 2015, **PANAMENO** was removed from the United States to El Salvador via ICE Charter Flight from the Phoenix-Mesa Gateway Airport. The DHS Form I-205 contained information regarding **PANAMENO**'s removal, a passport-style photograph of his face, his fixed right index fingerprint, his handwritten signature, as well as the signature of Immigration Enforcement Agent Bernardo Diaz's signature (the departure witness and Immigration Officer who had taken **PANAMENO**'s fingerprint).

23. According to the A File records I reviewed, **PANAMENO** was also removed from the United States on two occasions prior to his February 04, 2015 removal, as follows:

(a) <u>May 07, 1998</u>: **PANAMENO** departed from Los Angeles, CA via JPATS on or about May 7, 1998. The DHS Form I-205 contained information regarding **PANAMENO**'s removal, a passport-style photograph of his face, his fixed right index fingerprint, and his handwritten signature. This departure was based on a final order of removal approved by Immigration Judge Howard Van Winkle, of an immigration court located at 45100 N. 60th

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    5                    NDCA-OTBA Affidavit v.1.1

St., West Lancaster, CA, on or about April 10, 1998.  (This is the original final order of removal in **PANMENO**'s A-File.)

(b) June 03, 2009:  **PANAMENO** departed from Chandler, Arizona through the Williams Gateway Airport via JPATS to El Salvador on or about June 03, 2009.  The DHS Form I-205 contained information regarding **PANAMENO**'s removal, a passport-style photograph of his face, his fixed right index fingerprint, and his handwritten signature.

## Unlawful Reentry

24.  I have reviewed law enforcement records pertaining to **PANAMENO**, including arrest records from California Highway Patrol (CHP) and from the Fort Bragg Police Department (FBPD).  Based on my review of these records, I believe that on an unknown date after February 04, 2015, **PANAMENO** voluntarily, and illegally, entered the United States at an unknown place.  After entering the United States, he knew that he was in the United States and knowingly remained in this country.

25.  According to **PANAMENO**'s California Law Enforcement Telecommunications System (CLETS) printout of his criminal history, Ukiah CHP Report No. 202500273, and the Immigration Alien Response (IAR) on May 21, 2025, **PANAMENO** was found in the United States following an interaction with the Ukiah CHP that began on April 16, 2025.  I know from conversations with ERO DO Castro that the IAR is an automatic record generated from biometrics (including fingerprints) taken from a specific individual and used to automatically notify FBI/DHS when fingerprint biometrics are confirmed regarding a Subject's identity.

26.  As described in CHP Report No. 202500273, on April 16, 2025, CHP Patrol Officer J. Gilmore ("CHP PO Gilmore") observed **PANAMENO** driving a vehicle near Ukiah on U.S. Route 1 and towing a utility trailer that lacked a license plate, lacked brake lights, and lacked a cover for the wood chips over the side rails of the utility trailer.  CHP PO Gilmore conducted a wants and warrants check on **PANAMENO** and learned he was a sex registrant.

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                6                NDCA-OTBA Affidavit v.1.1

27.   According to the CHP report, **PANAMENO** admitted that he had not registered as a sex offender for a very long time.  **PANAMENO** advised he had not registered as a sex offender since he got off probation and knew he needed to register.  Before releasing **PANAMENO** from the scene, CHP PO Gilmore obtained contact information, including a telephone number, for **PANAMENO**.  CHP Dispatch relayed to CHP PO Gilmore the following day (April 17, 2025) that California DOJ advised **PANAMENO** was out of compliance with his registration requirement and did not have any updated information after he was deported in 2009.  CHP PO Gilmore reviewed Department of Motor Vehicle ("DMV") information and learned that **PANAMENO** had applied for a California Identification Card on August 16, 2024, and had obtained his California Driver's License on September 09, 2024.

28.   On April 20, 2025, CHP PO Gilmore spoke by telephone with **PANAMENO,** who stated that he had not registered as a sex offender since returning from El Salvador.  According to the report, **PANAMENO** stated he had been living at 22220 Burrows Road, Fort Bragg, CA for approximately two years, and prior to that he had rented a room from his ex-wife at 1095 E. Oak Street #2, Fort Bragg, CA since 2010, when he returned from El Salvador.  (I determined both addresses to be in Fort Bragg, CA based on an **PANAMENO**'s Accurint Report.)  CHP PO Gilmore determined that **PANAMENO** had failed to register with the FBPD between 2010 and 2023 and had failed to register with the Mendocino County Sheriff's Office ("MCSO") between 2023 and 2025.  CHP PO Gilmore determined to apply for an arrest warrant for **PANAMENO**.

29.   On May 21, 2025, the Superior Court of California, County of Mendocino, issued Felony Arrest Warrant No. AW12767 for **PANAMENO** for two felony violations as listed below.  I have reviewed a copy of that warrant:

(a)  CA PC 290(B), Failure to Register as a Sex Offender, dated April 16, 2025; and

(b)  CA PC 1320(B), Failure to Appear on Felony, dated May 19, 2025.

30.   According to **PANAMENO**'s CHP records and CLETS Criminal History, on May 21, 2025 **PANAMENO** was arrested and booked at the Mendocino County Jail, where his

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    7                    NDCA-OTBA Affidavit v.1.1

fingerprints were taken as part of the standard booking procedures conducted by the Mendocino County Sheriff's Office (MCSO), which automatically initiated the IAR.  As noted above, the IAR is used to automatically notify FBI/DHS when fingerprint biometrics confirm an individual's identity.  In addition, **PANAMENO** was photographed on May 22, 2025.  Due to the fact that on or about May 21, 2025 **PANAMENO**'s fingerprints were taken based on MCSO's booking procedures, which is readily provable with fingerprint evidence (as explained more fully in the following section), I am relying on this date for when **PANAMENO** was found in the Northern District of California after his last removal on February 04, 2015.

31.  I know from my training and experience that the fingerprints and images obtained in the MCSO booking procedure were electronically submitted to the California Department of Justice ("CAL DOJ"), National Crime Information Center ("NCIC"), Next Generation Identification ("NGI"), and DHS/ICE databases.

**<u>Confirmation of Identity</u>**

32.  Pursuant to conversations with ERO DO Castro, as well as records that he has provided to me (to include police records gathered for **PANAMENO**), I know that on or about August 02, 2025, ERO DO Castro conducted electronic records checks using various DHS computer indices to verify the fingerprint identification number ("FIN") assigned to **PANAMENO**.  On August 28, 2025, ERO DO Michael Taylor provided to me the printouts of ICE computer indices on **PANAMENO** through Person Centric Identity Services ("PCIS"), DHS/USCIS Central Index System ("CIS") and Person Centric Query Service ("PCQS"), which all confirm **PANAMENO**'s FIN to be 14679891.

33.  I have compared **PANAMENO**'s FIN 14679891 (as reflected in the ICE computer indices) with the FIN reflected in the IAR that was generated in the course of the MCSO's booking procedures of **PANAMENO** on May 21 and 22, 2025.  I found that they matched.  I also confirmed that the CLETS Criminal History report for **PANAMENO** (as confirmed through various identifiers, including name and aliases, Social Security Number, birthdate(s), FBI

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)          8          NDCA-OTBA Affidavit v.1.1

number, and CII number) listed the same FIN (14679891) as well. I thus determined that

**PANAMENO** was the person whose details are contained in the ICE computer indices and in

the A-File discussed in this affidavit. It should be noted that in the course of reviewing the

various records discussed above, I have learned the **PANAMENO** is associated with the

following aliases: Jose Cisneros, Jose Alberto Cisneros, Jose Hernandez, Jose Panameno, Jose

Cisneros-Reyes.

    34. On or about August 02, 2025, I reviewed the printouts of ICE computer indices on

**PANAMENO** for information pertaining to removals or deportations.

    35. Based on my training and experience, I know that the ICE computer indices (to

include A-File information) track and document each time an alien is removed, deported or

excluded from the United States by ICE; was removed, deported or excluded by the former

agency know as INS; or is granted permission to enter or re-enter the United States. The ICE

computer indices and A-File information confirmed that **PANAMENO** received an Immigration

Judge's decision on removability and was then removed, deported, and/or excluded on multiple

occasions, with the most recent removal date listed as February 04, 2015.

    36. The ICE computer indices indicated that **PANAMENO** had not applied for, nor

obtained from the Attorney General or the Secretary of Homeland Security, permission to re-

enter the United States.

    37. Furthermore, I know from my training and experience that the Alien Registration

Number ("A Number") is a unique identifying number assigned to only one individual; also, it is

the number listed on the A-File for that individual. I know from my review of the excerpts of

**PANAMENO**'s A-File that A Number 092-174-992 is associated with **PANAMENO**'s May 07,

1998 removal; with his June 03, 2009 removal; and with his February 04, 2015 removal. In

other words, the documents pertaining to each of these three removals all contain the same A

Number, which is **PANAMENO**'s.

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    9                    NDCA-OTBA Affidavit v.1.1

38.   Based on all the facts set forth above, I conclude that **PANAMENO** was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of his entry into the United States; was free from official restraint at the time he entered the United States; and knowingly and intentionally remained in the United States thereafter.  Further, as set forth above, **PANAMENO** was found in the Northern District of California on May 21, 2025.

### Relevant Criminal Record Prior to Removal on February 04, 2015

39.   Based on **PANAMENO**'s CLETS Criminal History printout, law enforcement reports received from MCSO, FBPD, Ukiah CHP, and A-File information, I have learned the following about **PANAMENO**'s criminal history in the United States.  Prior to being removed on February 04, 2015, **PANAMENO** had been convicted, and incarcerated, for felony and misdemeanor violations as follows:

(a)  On or about May 02, 1993, **PANAMENO** was arrested by FBPD and charged with a misdemeanor violation of Vehicle Code § 31 (give false information to peace officer). On July 09, 1993, he was convicted of a felony violation of Vehicle Code § 23152(a)/23175 (DUI with priors) and sentenced in Mendocino County Superior Court Case No. C11204 to 16 months in state prison.

(b)  On or about August 30, 1996, **PANAMENO** was arrested (arresting agency unknown at present) and charged with DUI with prior specific convictions.  On or about November 20, 1996, he was convicted of a felony violation of Vehicle Code § 23152(a)/23175 (DUI with priors).  On November 26, 1996, he was sentenced in Mendocino Superior Court Case No. C13017 to two years in state prison.

(c)  On November 30, 2004, **PANAMENO** was arrested by FBPD and charged with felony lewd and lascivious conduct with a minor of 14 or 15 years age, in violation of Penal

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    10                    NDCA-OTBA Affidavit v.1.1

Code § 288(c)(1).  On or about February 15, 2005, he pleaded nolo contendere to a felony violation of Penal Code § 288(c)(1) (Lewd and Lascivious Acts with a Child 14 or 15 Years Old).  On or about April 05, 2005, he was sentenced in Mendocino County Superior Court Case No. SCTM CRCR 04-62804 to 60 months' probation and 360 days' jail.

(d)  On or about September 07, 2008, **PANAMENO** was arrested by FBPD and charged with a felony violation of Penal Code § 273.5(a) (inflict corporal injury on spouse/cohabitant) and a misdemeanor violation of Penal Code § 243(e)(1).  (According to Mendocino County Jail records I have reviewed, it appears that he was also charged with a probation violation/revocation and that an ICE detainer was placed on him.)  On or about October 07, 2008, he pleaded (unclear whether guilty or nolo contendere) to the misdemeanor charge of Penal Code § 243(e)(1) (Battery on a Spouse/Ex Spouse).  He was sentenced to a term of 60 days in jail (Case No. 08-86362; unclear whether Mendocino County Superior Court or Mendocino County Municipal Court).

(e)  On January 09, 2010, **PANAMENO** was arrested in Texas and charged with illegal reentry following deportation, in violation of 8 U.S.C. § 1326.  *United States v. Jose Alberto Panameno-Cisneros*, Case No. DR-10-CR-133(1)-AM (W.D. Tex.).  On April 02, 2011, he pleaded guilty to a felony violation of 8 U.S.C. § 1326(a) (Illegal Re-Entry Into the United States After Deportation).  On April 11, 2011, District Judge Alia Moses sentenced **PANAMENO** to 65 months in federal prison.  (He was subsequently deported, for the third time, on February 04, 2015.)

## CONCLUSION

40.  Based on the information above, there is probable cause to believe that on or about May 21, 2025, **Jose Alberto PANAMENO-Cisneros** violated 8 U.S.C. §§ 1326(a) & (b)(1) – Illegal Reentry by a Felon Following Removal.  Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest on that charge.

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    11                    NDCA-OTBA Affidavit v.1.1

41.  _Request for Sealing Order_: I further request, in order to ensure that **Jose Alberto PANAMENO-Cisneros** does not destroy evidence, flee, or otherwise impede my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, and any other associated filings (such as penalty sheet), be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, the Department of Homeland Security, and other local, state, and federal law enforcement and intelligence agencies, including foreign law enforcement and intelligence agencies, as necessary for use in investigation and prosecution.  A sealing motion and proposed sealing order are submitted herewith for the Court's consideration.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.


_____/s/_____
Sherman Bernard Pruitt II
Special Agent, Federal Bureau of Investigation


Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this 29th day of August, 2025. This application and warrant are to be filed under seal.

_____
HONORABLE SALLIE KIM
United States Magistrate Judge

Affidavit of S/A Sherman Pruitt, FBI
In support of an Arrest Warrant under
8 U.S.C. §§ 1326(a) & (b)(1)                    12                    NDCA-OTBA Affidavit v.1.1