CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7249
    FAX: (415) 436-7234
    Email: andrew.scoble@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ALBERTO PANAMENO-CISNEROS, <br><br> Defendant. | Case No. 3:25-mj-71082 MAG <br><br> **UNITED STATES' BRIEF RE: "RISK OF SERIOUS FLIGHT" UNDER 18 § U.S.C. § 3142(f)(2)(A)** <br><br> Hearing Date: September 22, 2025 <br> Hearing Time: 10:30 a.m. <br> Courtroom: A (15th Floor) <br><br> Hon. Alex G. Tse |

## INTRODUCTION

The Court has ordered the government to file a brief addressing (1) the standard for determining whether there is a "serious risk that [the defendant] will flee," 18 U.S.C. § 3142(f)(2)(A); and (2) whether the government has adduced sufficient facts to meet that standard, particularly in light of the defendant's arguments based on *United States v. Figueroa-Alvarez*, 681 F.Supp.3d 1131 (D. Idaho 2023).

The government files this brief in response.

/ /

/ /

# DISCUSSION

## A. The Standard for Determining "Serious Risk of Flight"

While neither the Supreme Court nor the Ninth Circuit has yet outlined the factors to be considered by a court determining whether the government is entitled to a detention hearing, a number of courts have concluded that a serious risk of flight under § 3142(f)(2)(A) is narrower than a risk of non-appearance under § 3142(g). *See, e.g., United States v. Erazo-Calix*, No. 1:24-CR-00150-AKB, 2024 WL 4505038, at *2 (D. Idaho Oct. 16, 2024); *United States v. Figueroa-Alvarez*, 681 F.Supp.3d 1131, 1137 (D. Idaho 2023) (citation omitted); *see also United States v. White*, No. 3:21-MJ-04070, 2021 WL 2155441, at *7 (M.D. Tenn. May 27, 2021). It is generally agreed that the applicable standard of proof is preponderance of the evidence.

As the court in *Erazo-Calix*, discussing the analysis set forth in *Figueroa-Alvarez*, put it:

> the Government must demonstrate only that it is more likely than not there is a serious *risk* the defendant will flee–not that it is more likely than not the defendant *will* flee. *Figueroa-Alvarez*, 681 F.Supp.3d at 1138. To meet this burden, the Court ruled that "the Government must present 'concrete evidence' into 'mere conclusory allegations.'" *Id*. Relying in part on [*United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015)], the Court identified four common factors, and related subfactors, for consideration in determining whether a defendant poses a serious risk of flight but noted that the analysis is based on the totality of evidence and that no one factor is dispositive. (Citations omitted.)

*Erazo-Calix*, 2024 WL 4505038, at *2. The court in *Erazo-Calix* agreed with, and followed, the analysis set forth in *Figueroa-Alvarez*.

Under the analysis as discused in *Figueroa-Alvarez* and *Erazo-Calix*, there are four key (but not exhaustive) considerations: (1) the defendant's incentive to flee; (2) the ability to flee; (3) ties to the jurisdiction and to the United States; and reliability and trustworthiness. *See Figueroa-Alvarez*, 681 F.Supp.3d at 1140; *Erazo-Calix* at *3; *see also United States v. Rodriguez-Fuentes*, No. 5:24-CR-00122-KKC, 2025 WL 711955 (E.D. Ky. Mar. 5, 2025).

The first factor–**incentive to flee**–takes into account the potential punishment and the weight of the evidence against the defendant. *Erazo-Calix* at *3 (citing *Figueroa-Alvarez* at 1141). While weight of the evidence is traditionally, in bail determinations, the least persuasive factor, "'the weight of the evidence in most § 1326 prosecutions is strong' because a defendant may not challenge his prior removals from the United States without proof he previously exhausted his administrative remedies; this

required showing makes defending against a § 1326 charge difficult.'" *Erazo-Calix* at *3 (quoting and citing *Figueroa-Alvarez*, 681 F.Supp.3d at 1141). Moreover, while "dangerousness" is not relevant in this analysis, the defendant's criminal history, particularly if significant, may implicate a sentence of years for violating § 1326 and so provide a greater incentive to flee. *Id*. (citing *Figueroa-Alvarez* at 1142).

The **ability to flee** includes consideration of whether the defendant has finances to fund flight, access to fraudulent identity documents to facilitate clandestine travel, and ties to persons who could assist in flight. *Id*. (citing *Figueroa-Alvarez* at 1142).

The court should consider a defendant's **ties to the jurisdiction and to the United States**, which includes his length of residence, his community ties, his ability to earn a legitimate income, and the presence of his family members. *Id*. (citing *Figueroa-Alvarez* at 1142).

Finally, under the *Figueroa-Alvarez/Erazo-Calix* analysis, the court considers a defendant's **reliability and trustworthiness**. Relevant factors here include whether the defendant has previously violated the terms of supervised release, parole, or probation; whether he disregarded a court order to appear at a designated time and place; and whether he abuses alcohol or controlled substances. *Id*. (citing *Figueroa-Alvarez* at 1144-45). See also *Santos-Flores*, 794 F.3d at 1092.

**B. The Government's Showing Entitles It to a Detention Hearing Under § 3142(f)(2)(A)**

*Incentive to Flee*: Where, as here, the weight of evidence is strong, the defendant may "perceive a likelihood of conviction, which suggests a greater incentive to flee." *Erazo-Caliz* at *4 (citing *Figueroa-Alvarez* at 1141). Here–as is alleged in the Complaint–the evidence includes fingerprint evidence matching the defendant with his three prior removals. Moreover, it includes a prior federal conviction under § 1326. *See* Complaint Para. 39(e). The government believes that the defendant's criminal history indicates a sentence of at least 12-18 months without acceptance of responsibility, and that does not take into account whether a variance may be applicable (in light of the defendant's 2011 sentence of 65 months in federal prison for his prior § 1326 conviction).

Further, as is set forth in the Complaint, the defendant was arrested in May 2025 on charges of failure to register as a sex offender (a felony violation of California Penal Code § 290(b)) and failure to appear on a felony (a felony violation of California Penal Code § 1320(b)). The defendant has already

admitted to a CHP officer that he was aware of the requirement that he register as a sex offender but did not do so for a very long time–i.e., from 2010 to 2012 (failure to register with Fort Bragg Police Department) and from 2023 to 2025 (failure to register with the Mendocino County Sheriff's Office). *See* Complaint Paras. 28-29.

One other point bears note. At the hearing today, the defendant noted the fact that he has lived in Mendocino County for a number of years and even openly applied for a driver's license in 2024. He suggested that he has regularly made court appearances in the past. But as the Court noted today, his situation now is different: the defendant has been charged and faces very real consequences if convicted.

*Ability to Flee:* The government has no independent knowledge of the defendant's employment and earnings. It appears that the defendant acknowledges that he no longer has work authorization and indeed is present without status. His ability to earn from legitimate employment may be restricted.

The government is not aware of any ties to persons who could assist the defendant in flight. As is reflected in the discovery provided to the defense on today's date, upon his initial apprehension by Customs and Border Patrol agents in January 2010, the defendant claimed to be a citizen of Mexico. He told officers that he traveled from Mexico and swam across the Rio Grande River.

The government does not allege that the defendant has presented false identification documents, although it does appear from his ICE records that he is associated with a number of aliases, including "Jose Hernandez" and "Jose Cisneros-Reyes." *See* Complaint Para. 33.

*Ties to the Jurisdiction:* The government acknowledges that the defendant's community and family ties appear to militate against the incentive to flee. On the other hand, they do not necessarily overcome other evidence of flight risk. *See United States v. Santos-Flores*, 794 F.3d 1088, 1093 (9th Cir. 2015) (noting defendant's family ties but concluding that they did not overcome other factors evidencing flight risk).

Further, as the government proffered at today's hearing, the defendant's own record suggests that family ties are not always something he has honored. For instance, his 2005 felony conviction for a violation of California Penal Code § 288(c)(1) (Lewd and Lascivious Acts with Child of 15 Years) stemmed from impregnating his 15-yar-old niece. Several years later he was convicted of a misdemeanor violation of battery of spouse (after a felony arrest). Complaint Para. 39(c), (d).

*Reliability and Trustworthiness:* As is set forth in the Complaint, this defendant has multiple illegal reentries following removal from the United States. His criminal history shows a pattern of recidivism which predates and post-dates his removals. Most significantly, after his removals in May 1998, June 2009, and February 2015, he violated his conditions of supervised release (by reentering illegally). Similarly, his 2008 commission of spousal battery in Fort Bragg was a violation of the conditions of his probation from the 2004 § 288(c)(1) conviction (in which the superior court gave him a substantial break by imposing five years' probation with only 360 days of jail, against the recommendation of the prosecution).[1] As the court I *Erazo-Calix* found:

> Although Erazo-Calix argues his history of repeatedly returning to the Uited States unlawfully indicates a "desire to return" to Idaho and not to flee . . . , this argument is unconvincing both because it ignores his flagrant disregard for the law and because he could flee in violation of pretrial release but still remain in the United States.

2024 WL 4505038, at *4.

## CONCLUSION

The government respectfully submits that it has adduced specific, concrete facts which establish that the defendant poses a serious risk of flight, and that it is therefore entitled to a detention hearing under 18 U.S.C. § 3142(f)(2)(A).

DATED: September 19, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
_____
ANDREW M. SCOBLE
Assistant United States Attorney

---

[1] The various criminal case court records described here are included in the A File discovery that was provided to the defense on today's date.